SUPREME COURT OF ARIZONA

ADRIAN FONTES, in his official capacity as the Secretary of State,

       Appellant,

v.

DANA LEWIS, in her official capacity as Pinal County Recorder; JEFF SERDY, in his official capacity as Pinal County Supervisor; JEFFREY MCCLURE, in his official capacity as Pinal County Supervisor; KEVIN CAVANAUGH, in his official capacity as Pinal County Supervisor; MIKE GOODMAN, in his official capacity as Pinal County Supervisor; STEPHEN MILLER, in his official capacity as Pinal County Supervisor

       Appellees.

Arizona Supreme Court
No. CV-24-0251-T/AP

Court of Appeals
Division Two
No. 2 CA-CV 24-0309

Pinal County
Superior Court
No. S1100CV202402541

**FILED 10/25/2024**

**DECISION ORDER**

Appellant Adrian Fontes, in his official capacity as Arizona Secretary of State (the "Secretary"), filed an emergency complaint for special action relief with the superior court on September 27, 2024, in which he sought a writ of mandamus requiring Appellants, Pinal County election officials, to comply with the Elections Procedures Manual ("EPM"). Specifically, the Secretary contends that Pinal County is required to follow EPM § 6(B)(1)(f), which requires election officials, in counties that conduct assigned-polling-place elections, to allow voters to vote a provisional ballot if the

voter's name does not appear on the precinct's signature roster because the voter resides in another precinct. Pinal County argues, among other things, that EPM § 6(B)(1)(f) is unenforceable because it creates de facto "voting centers," thus depriving counties of exclusive statutory authority to determine whether to implement "voting centers." *See* A.R.S. § 16-411(B)(4). On October 4, 2024, the superior court entered its order denying Appellant's request for preliminary injunctive relief. All parties appealed. On October 23, 2024, this Court granted Appellant Fontes' Motion to Transfer and set an accelerated briefing schedule. The Court has considered the opening and answering briefs of the parties and all amicus briefs.

We review the superior court's order denying injunctive relief for an abuse of discretion. *Shoen v. Shoen*, 167 Ariz. 58, 62 (App. 1990). "Unless the trial judge either made a mistake of law . . . or clearly erred in finding the facts or applying them to the legal criteria for granting an injunction, we must affirm." *Id.* For the following reasons, we affirm the order denying injunctive relief.

*Shoen* requires that a party seeking injunctive relief make four showings: "1) A strong likelihood that he will succeed at trial on the merits; 2) The possibility of irreparable injury to him not remediable by damages if the requested relief is not granted; 3) A balance of hardships favors himself; and 4) Public policy favors the injunction." *Id.* at 63. The moving party may meet this burden by establishing either "1) probable success on the merits and the

possibility of irreparable injury; or 2) the presence of serious questions and 'the balance of hardships tip sharply' in his favor." *Id.* (*quoting Just. v. Nat'l Collegiate Athletic Ass'n*, 577 F. Supp. 356, 363 (D. Ariz. 1983)).

Here, the superior court found that, under *Shoen*'s first factor, the Secretary would likely prevail at trial on the merits. As to the second factor, the court concluded that irreparable injury may occur if Pinal County is not required to comply with the EPM. However, under the third factor, the court concluded that "the balance of hardship does not weigh in favor of [the Secretary]" because implementing the Secretary's injunctive relief was likely impractical and that "there is unacceptable risk" in doing so "at this very late date" in the election process. The court reasoned that, "[a]t this late date, the requested remedy for non-compliance with the EPM is impracticable, if not imprudent, since it creates unacceptable risk of chaos, uncertainty, and confusion in this election . . . ." Finally, under the fourth factor, the court found that public policy does not favor the requested injunction.

We affirm the superior court's denial of the Secretary's request for injunction based on its ruling under *Shoen*'s third factor—the balance of hardships. Here, we conclude that the superior court did not abuse its discretion in finding "that there is unacceptable risk to undertake [Appellant's requested] change at this very late date." *Cf. Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) (recognizing that

courts will generally refrain from altering election procedures on the eve of an election). Under the present circumstances, as the superior court found, at this stage of the election, "the requested remedy for non-compliance with the EPM is impracticable, if not imprudent" and "creates unacceptable risk of chaos, uncertainty, and confusion." Indeed, early voting has already begun. The balance of hardships—the third *Shoen* factor—tips sharply in Pinal County's favor and compels this outcome.

Because we affirm the superior court's denial of injunctive relief based on the hardship that would occur if relief were granted, we need not consider the superior court's rulings under the first, second, or fourth *Shoen* factors. Thus, we do not decide whether the Secretary rather than the Attorney General possessed authority to initiate this lawsuit; whether the Secretary was required to exhaust administrative remedies before filing suit; or whether the EPM conflicts with statutory law.

Therefore,

**IT IS ORDERED** affirming the superior court's order denying injunctive relief.

DATED this 25th day of October, 2024.

_____/s/_____
ANN A. SCOTT TIMMER
Chief Justice

TO:
Karen J Hartman-Tellez
Kara Karlson
Kyle R Cummings
Brett William Johnson
Joseph A Kanefield
Ian R Joyce
Charlene Anne Warner
Scott Matthew Johnson
Ian Daranyi
Beth C Beckmann
Patricia F Bohnee
Javier G Ramos
Michael S Carter
Christopher Murray
Julian R Ellis
Spencer Garrett
Kurt M Altman
Ashley Fitzwilliams